

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 15, 1963

Honorable H.R. Nieman, Jr.
Executive Director
State Building Commission
Sam Houston State Office Building
Austin 1, Texas

Opinion No. C- 78

Re: Whether the State Building Commis-
sion may enter into certain con-
tracts with other state agencies
and have certain funds appropriated
to such agencies transferred to the
Building Commission for payment of
services under such contract.

Dear Mr. Nieman:

The question posed by your opinion request is as fol-
lows:

"The State Building Commission in the conduct
of work and program advancement must know whether
it may enter into contracts with other State agen-
cies and departments whereby the State Building
Commission performs certain services including fur-
ther contractual obligations for the agency or de-
partment and have funds appropriated to the agency
or department transferred to the State Building
Commission in payment for the services and work un-
der contract."

Your letter also outlines a specific problem as an ex-
ample. The Department of Public Welfare is one of the agencies
which will be housed in the John H. Reagan State Office Building
when the building is completed. Recently the Department of Pub-
lic Welfare has purchased an IBM machine which they desire to
have installed in the new building. This machine was not included
in the original plans and specifications of the building and the
building is almost completed at the present time. In order to in-
stall this equipment and have it function properly, it is neces-
sary to augment the air conditioning within the designated room
location and furnish an additional source of electrical power
supply. The cost of this work, including fees, amounts to $17,-
306.95. The Department of Public Welfare has stated that they

-379-

have the appropriated funds to cover the installation in the amount stipulated. Sufficient contingency funds originally appropriated to the State Building Commission for the structure do not remain to cover the installation of this newly acquired and unforeseen IBM machine requirement. It is timely and advantageous to the State to complete the necessary installation during construction of the building and have the designated space available for agency occupancy at the time the structure is accepted on behalf of the State of Texas. Air conditioning service supply ducts, piping, and electrical service systems will have to be shut off, disrupted, and generally altered ultimately to install the IBM machines at a greater cost after the building is occupied and at a great inconvenience to all other agencies in the building.

The State Building Commission was created by Article 678m, Vernon's Civil Statutes, a part of which provides as follows:

"Sec. 5. The Commission is authorized to take any action and enter into any contracts necessary to provide for the obtaining of sites and the planning, designing and construction of the buildings and memorials provided for. . . ."

In Attorney General's Opinion No. WW-1120 (1961), this office held that the provisions of Article 678m would constitute sufficient authority for the State Building Commission to obtain the services of and enter into contracts with other state agencies.

Section 3 of Article 4413(32), Vernon's Civil Statutes, reads in part as follows:

"Any State agency may enter into and perform a written agreement or contract with other agencies of the State for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment. The actual cost of rendering the services, or the nearest estimate of the cost that is practicable, shall be reimbursed, except in the case of service rendered in the fields of national defence or disaster relief, or in cooperative efforts, proposed by the Governor, to promote the economic development of the State. . . ."  (Emphasis added).

Section 6 of Article 4413(32), Vernon's Civil Statutes, reads as follows:

"Payments for such services by a receiving agency shall be made from the appropriation items or accounts of the receiving agency from which like expenditures would normally be made, based upon vouchers drawn for this purpose by the receiving agency payable to the furnishing agency. . . ."

It is the opinion of this office that the State Building Commission has the power and authority under Section 3 of Article 4413(32) to enter into agreements or contracts with other State agencies whereby the Commission performs services for the other agency. The services rendered by the State Building Commission would be "special" or "technical services" within the meaning of Article 4413(32).

In regard to the specific problem of the installation of the IBM machine, the Building Commission and the Department of Public Welfare may enter into a contract whereby the Building Commission will draw the plans and specifications for the installation and oversee the actual installation. The Building Commission could subcontract the actual installation work since this building is still under the control and management of the Commission. The contract would be subject to the limitations on interagency contracts and agreements contained in Article 4413(32), and payment would have to be made in accord with Section 6 of Article 4413 (32) as quoted above.

## SUMMARY

Under Article 4413(32), Vernon's Civil Statutes, the State Building Commission may enter into contracts with other state agencies and have funds appropriated to such agencies transferred to the Building Commission for payment of services under such contract.

Yours very truly,

WAGGONER CARR
Attorney General

By Jack A. Norwood

Jack G. Norwood
Assistant

JGN:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Samuel Pharr
J. C. Davis
Joseph Trimble

APPROVED FOR THE ATTORNEY GENERAL

BY;   Stanton Stone